IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOSE CORPORATION,<br><br>             Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>             Defendants. | Case No. 19-cv-05347 |

## COMPLAINT

Plaintiff Bose Corporation ("Plaintiff" or "Bose") hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet stores operating under at least the Online

Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products using counterfeit versions of Bose's federally registered trademarks. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products using counterfeit versions of Bose's federally registered trademarks to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Bose substantial injury in the State of Illinois.

## II.  INTRODUCTION

3.  This action has been filed by Bose to combat online counterfeiters who trade upon Bose's reputation and goodwill by offering for sale and/or selling unauthorized and unlicensed counterfeit products, including headphones, speakers, and related audio components, using counterfeit versions of Bose's federally registered trademarks (the "Counterfeit Bose Products"). Defendants create the Defendant Internet Stores by the dozens and design them to appear to be selling genuine Bose products, while actually selling Counterfeit Bose Products to unknowing consumers. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their counterfeiting operation. Bose is forced to file this action to combat Defendants' counterfeiting

of the registered Bose trademarks, as well as to protect unknowing consumers from purchasing Counterfeit Bose Products over the Internet. Bose has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendants' actions and seeks injunctive and monetary relief.

### III. THE PARTIES

**Plaintiff**

4. Plaintiff is a corporation organized and existing under the laws of the State of Delaware with its corporate headquarters at 100 The Mountain Road, Framingham, Massachusetts 01701.

5. Since 1964, Bose has been engaged in the design, distribution, and sale of high-performance electronic audio products for consumers and professionals, including professional loudspeakers, bookshelf speakers, factory-installed sound systems custom-designed for specific automobiles, portable home CD/FM/AM radio sound systems, portable digital music systems, home theater systems, aviation headsets, around-ear and over-ear noise cancelling headphones, in-ear and around-ear sport headphones, audio and mobile headphones, including Bluetooth headsets, and related components (collectively, the "Bose Products").

6. The Bose brand is a billion dollar brand, and Bose spends considerable resources marketing and protecting it. Bose Products have become enormously popular and even iconic, driven by the brand's arduous quality standards and innovative design. Among the purchasing public, genuine Bose products are instantly recognizable as such. In the United States and around the world, the Bose brand has come to symbolize high quality, and the Bose Products are renowned for their quality, performance, and reliability.

7. Bose has registered several of its trademarks with the United States Patent and Trademark Office. Bose Products typically include at least one of Bose's registered trademarks. Bose uses its trademarks in connection with the marketing of its Bose Products, including the following marks which are collectively referred to as the "BOSE Trademarks."

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 991,271 | BOSE | For: loudspeaker systems; electrical power processors-namely, power amplifiers, and battery chargers in classes 007, 009, 011, 012, 015. |
| 1,727,482 | BOSE | For: printed matter; namely, catalogs, newsletters and brochures in the field of electronic and electroacoustical equipment in class 016.<br><br>For: repair of electronic and electroacoustical equipment in class 037. |
| 1,828,700 | BOSE | For: retail store services in the field of electronic and electro-acoustical products in class 042. |
| 2,288,004 | BOSE | For: computerized on-line retail services in the field of sound reproduction products, and shopping information related thereto in class 035. |
| 3,863,254 | BOSE | For: Batteries; Communications headsets for use with communication radios, intercom systems, or other communications network transceivers; Headphones; Headsets for cellular or mobile phones; Microphones in class 009. |
| 829,402 | *BOSE* (logo) | For: acoustical transducer systems for reproducing sound in class 009. |

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 1,738,278 | BOSE | For: printed matter; namely, catalogs, newsletters, and brochures all in the field of electronics and electroacoustical equipment in class 016.<br><br>For: services and repair of electronic and electroacoustical equipment in class 037. |
| 1,830,727 | BOSE | For: retail store services in the field of electronic and electro-acoustical products in class 042. |
| 3,940,522 | BOSE | For: Suspension systems for vehicle seats; Vehicle seats in class 012. |
| 3,554,078 | BOSE AUTHORIZED DEALER | For: On-line retail store services featuring consumer electronic products in class 035. |
| 3,881,535 | BOSE RIDE | For: Suspension systems for vehicle seats; Vehicle seats in class 012. |
| 5,018,335 | BOSEBUILD | For: educational toy construction sets for constructing working models of electronic or mechanical devices in class 028. |
| 3,716,864 | SOUNDLINK | For: Loudspeaker systems; USB (universal serial bus) hardware in class 009. |
| 4,709,104 | SOUNDLINK | For: Headphones; Headsets for mobile telephones in class 009. |
| 4,638,350 | SOUNDTRUE | For: Headphones; Headsets for mobile telephones in class 009. |
| 4,672,804 | SOUNDSPORT | For: Headphones; Headsets for mobile telephones in class 009. |

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 1,633,789 | WAVE | For: Radios, clock radios, compact stereo systems and portable compact disc players in class 009. |
| 3,457,854 | WAVE | For: Music systems consisting of a loudspeaker system and amplifier and at least one of a radio tuner, compact disc player and digital music player; compact disc changer; digital music player docking station in class 009. |

8. The above U.S. registrations for the BOSE Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. The registrations for the BOSE Trademarks constitute *prima facie* evidence of their validity and of Bose's exclusive right to use the BOSE Trademarks pursuant to 15 U.S.C. § 1057(b). True and correct copies of the United States Registration Certificates for the above-listed BOSE Trademarks are attached hereto as **Exhibit 1**.

9. The BOSE Trademarks are distinctive when applied to the Bose Products, signifying to the purchaser that the products come from Bose and are manufactured to Bose's quality standards. Whether Bose manufactures the products itself or contracts with others to do so, Bose has ensured that products bearing the BOSE Trademarks are manufactured to the highest quality standards.

10. The BOSE Trademarks are famous marks, as that term is used in 15 U.S.C. § 1125(c)(1), and have been continuously used and never abandoned. The innovative marketing and product designs of the Bose Products have enabled the Bose brand to achieve widespread recognition and fame and have made the BOSE Trademarks some of the most well-known marks in the audio industry. The widespread fame, outstanding reputation, and significant goodwill associated with the Bose brand have made the BOSE Trademarks valuable assets of Bose.

6

11. Bose has expended substantial time, money, and other resources in advertising and promoting the BOSE Trademarks. In fact, Bose has expended millions of dollars annually in advertising, promoting and marketing featuring the BOSE Trademarks. Bose Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs. As a result, products bearing the BOSE Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Bose. Bose Products have become among the most popular of their kind in the U.S. and the world. The BOSE Trademarks have achieved tremendous fame and recognition which has only added to the distinctiveness of the marks. *Id*. As such, the goodwill associated with the BOSE Trademarks is of incalculable and inestimable value to Bose.

12. Genuine Bose Products are sold only through authorized retail channels, including through authorized retailers in Illinois, such as Best Buy, Target, and Abt Electronics, and Bose stores, including a store located at 5220 Fashion Outlet Way, Suite 2250, Rosemont, Illinois, and are recognized by the public as being exclusively associated with the Bose brand.

13. Since at least as early as 1997, genuine Bose Products have been promoted and sold at the official bose.com website. Sales of Bose Products via the bose.com website are significant. The bose.com website features proprietary content, images and designs exclusive to the Bose brand.

14. Bose has expended substantial time, money, and other resources in developing, advertising and otherwise promoting and protecting the BOSE Trademarks. As a result, products bearing the BOSE Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Bose. Bose Products have become among the most popular of their kind in the world. The widespread fame, outstanding

reputation, and significant goodwill associated with the Bose brand have made the BOSE Trademarks invaluable assets of Bose.

**The Defendants**

15. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell Counterfeit Bose Products to consumers within the United States, including the State of Illinois.

16. On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products using counterfeit versions of the BOSE Trademarks in the same transaction, occurrence, or series of transactions or occurrences. Tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Bose to learn Defendants' true identities and the exact interworking of their counterfeit network. In the event that Defendants provide additional credible information regarding their identities, Bose will take appropriate steps to amend the Complaint.

**IV.  DEFENDANTS' UNLAWFUL CONDUCT**

17. The success of the Bose brand has resulted in its significant counterfeiting. Consequently, Bose has a worldwide anti-counterfeiting program and regularly investigates suspicious online marketplace listings identified in proactive Internet sweeps and reported by consumers. In recent years, Bose has identified many fully interactive, commercial online

marketplace listings on platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, and Dhgate, including the Defendant Internet Stores, which were offering for sale and selling Counterfeit Bose Products to consumers in this Judicial District and throughout the United States. Despite Bose's enforcement efforts, Defendants have persisted in creating the Defendant Internet Stores. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by Homeland Security, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in fiscal year 2014 was over $1.23 billion. Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

18. Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. Many of the Defendant Internet Stores appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, Western Union and/or PayPal. The Defendant Internet Stores often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Many Defendants further perpetuate the illusion of legitimacy by offering customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the Visa®, MasterCard®, and/or PayPal® logos. Bose has not licensed or authorized Defendants to use any of its BOSE Trademarks, and none of the Defendants are authorized retailers of genuine Bose Products.

19. Many Defendants also deceive unknowing consumers by using the BOSE Trademarks without authorization within the content, text, and/or meta tags of their online

marketplace listings in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Bose Products. Other Defendants only show the BOSE Trademarks in product images while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Bose Products.

20. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

21. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, Counterfeit Bose Products for sale in the Defendant Internet Stores bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit Bose Products were manufactured by and come from a common source and that Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the same accepted payment methods, check-out methods, meta data, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, and the use of the same text and images.

22. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new

online marketplace accounts under new aliases once they receive notice of a lawsuit. Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

23. Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Bose's enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that off-shore counterfeiters regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

24. Defendants, without any authorization or license from Bose, have knowingly and willfully used and continue to use the BOSE Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Bose Products into the United States and Illinois over the Internet. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Counterfeit Bose Products into the United States, including Illinois.

25. Defendants' unauthorized use of the BOSE Trademarks in connection with the advertising, distribution, offering for sale, and sale of Counterfeit Bose Products, including the sale of Counterfeit Bose Products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Bose.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

26. Bose hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 25.

27. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered BOSE Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The BOSE Trademarks are distinctive marks. Consumers have come to expect the highest quality from Bose Products offered, sold or marketed under the BOSE Trademarks.

28. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the BOSE Trademarks without Bose's permission.

29. Bose is the exclusive owner of the BOSE Trademarks. Bose's United States Registrations for the BOSE Trademarks (Exhibit 1) are in full force and effect. Upon information and belief, Defendants have knowledge of Bose's rights in the BOSE Trademarks, and are willfully infringing and intentionally using counterfeits of the BOSE Trademarks. Defendants' willful, intentional and unauthorized use of the BOSE Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Bose Products among the general public.

30. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

31. Bose has no adequate remedy at law, and if Defendants' actions are not enjoined, Bose will continue to suffer irreparable harm to its reputation and the goodwill of its well-known BOSE Trademarks.

32. The injuries and damages sustained by Bose have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Bose Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

33. Bose hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 32.

34. Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Bose Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Bose or the origin, sponsorship, or approval of Defendants' Counterfeit Bose Products by Bose.

35. By using the BOSE Trademarks on the Counterfeit Bose Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Bose Products.

36. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Bose Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

37. Bose has no adequate remedy at law and, if Defendants' actions are not enjoined, Bose will continue to suffer irreparable harm to its reputation and the goodwill of the BOSE Trademarks.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS § 510, *et seq.*)

38. Bose hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 37.

39. Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their Counterfeit Bose Products as those of Bose, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Bose Products, representing that their Counterfeit Bose Products have Bose's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

40. The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

41. Bose has no adequate remedy at law, and Defendants' conduct has caused Bose to suffer damage to its reputation and associated goodwill. Unless enjoined by the Court, Bose will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Bose prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the BOSE Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Bose Product or is not authorized by Bose to be sold in connection with the BOSE Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Bose Product or any other product produced by Bose that is not Bose's or not produced

      under the authorization, control, or supervision of Bose and approved by Bose for sale under the BOSE Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Bose Products are those sold under the authorization, control, or supervision of Bose, or are sponsored by, approved by, or otherwise connected with Bose;

   d. further infringing the BOSE Trademarks and damaging Bose's goodwill; and

   e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Bose, nor authorized by Bose to be sold or offered for sale, and which bear any of Bose's trademarks, including the BOSE Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof;

2) Entry of an Order that, upon Bose's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

   a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the BOSE Trademarks;

   b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the BOSE Trademarks; and

    c. take all steps necessary to prevent links to the Online Marketplace Accounts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Online Marketplace Accounts from any search index;

3) That Defendants account for and pay to Bose all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the BOSE Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Bose be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the BOSE Trademarks;

5) That Bose be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

Dated this 8th day of August 2019.    Respectfully submitted,

/s/ Justin R. Gaudio  
Amy Ziegler  
Justin R. Gaudio  
Allyson M. Martin  
Greer, Burns & Crain, Ltd.  
300 South Wacker Drive, Suite 2500  
Chicago, Illinois 60606  
312.360.0080 / 312.360.9315 (facsimile)  
aziegler@gbc.law  
jgaudio@gbc.law  
amartin@gbc.law  

*Counsel for Plaintiff Bose Corporation*